IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: CONSOLIDATED ) | |
| "NON-FILING INSURANCE" ) | CASE NO. 2:96-md-1130-MEF |
| FEE LITIGATION ) | |
| ) | THIS DOCUMENT RELATES TO: |
| PRINCESS NOBLES, *et al.*, v. ) | |
| ASSOCIATES CORPORATION OF ) | CASE NO. 2:94-cv-699-MEF |
| NORTH AMERICA, *et al.* ) | |
| ) | |
| LYNN HOWELL, *et al.*, v. ) | |
| SECURITY FINANCE ) | CASE NO. 2:97-cv-832-MEF |
| CORPORATION OF GEORGIA, *et al.* ) | |

(WO—Do Not Publish)

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant Security Finance of Georgia, LLC's ("Security Finance") Motion to Alter or Amend Judgment,[1] filed on April 21, 2010. Security Finance asks this Court to reconsider its March 21, 2010 Memorandum Opinion and Order,[2] which denied Security Finance's motion to lift the injunction imposed by the consent decree in this case.

After considering the parties' submissions and exhibits, as well as the

---

[1] The motion is Document No. 796 in Case No. 2:96-md-1130-MEF, Document No. 1293 in Case No. 2:94-cv-699-MEF, and Document No. 29 in Case No. 2:97-cv-832-MEF.

[2] The memorandum opinion and order is Document No. 795 in Case No. 2:96-md-1130-MEF, Document No. 1292 in Case No. 2:94-cv-699-MEF, and Document No. 28 in Case No. 2:97-cv-832-MEF.

arguments of counsel at a hearing on the motion, the Court again finds that Security Finance has failed to show that there has been a significant factual or legal change warranting modification of the consent decree. *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992).

In its motion, Security Finance argued that it would not have consented to the consent decree had it known that the Truth-In-Lending Act did not sanction court-ordered injunctive relief, and it submitted an affidavit from a Security Finance manager as evidence supporting this argument. The manager's affidavit, however, is conclusory and self-serving, and its counterfactual assertion about what Security Finance would or would not have done is not supported by any other evidence. As a result, this Court finds that the affidavit, standing alone, is not sufficiently persuasive evidence of a clarification of law that warrants modification of the consent decree. The injunction at issue was a core component of the parties' agreement to end this litigation, and consequently, this Court will not strip it out of the consent decree solely on the basis of Security Finance's unsubstantiated assertions.

Accordingly, it is hereby ORDERED as follows:

1. Security Finance's Motion to Alter or Amend Judgment is DENIED.

2. The Clerk of Court is DIRECTED to file this Order in all of the cases

listed in the caption and apply the ruling to the following motions: Document No. 796 in Case No. 2:96-md-1130-MEF, Document No. 1293 in Case No. 2:94-cv-699-MEF, and Document No. 29 in Case No. 2:97-cv-832-MEF.

DONE this the 2nd day of July, 2010.

                                        /s/ Mark E. Fuller
                            CHIEF UNITED STATES DISTRICT JUDGE